This is our final case step for oral argument this morning. This is 5-240357, Larson et al. v. Dupo Oilfield Development, Inc. I have got Mr. Mag here on behalf of the appellant, Dupo Oilfield, correct? Correct. And it's Mr. Conner? Good morning. And who do you have with you? This is Michael Lasitsky. I just want to make sure we're all good. Is he going to be making the argument or are you? I'll be making the argument. Okay. We're running a little late. We appreciate your patience today. The first couple of cases took a little longer than expected. Mr. Mag, are you ready to proceed? Yes, thank you. May it please the court. Counsel. My name is Thomas Mag. I represent Dupo Oilfield Development, Inc. There's two primary issues in this appeal. There's other issues, but the two big ones are, is it necessary in a rescission case that the person seeking rescission, the plaintiff seeking rescission, return to the defendant the person who they're seeking to rescind the contract with the consideration paid as part of the contract? In this case, it's been the position of the plaintiff consistently that the answer to that question is no. It has been the position consistently of the defendant in this case that the answer to this question is yes. As is cited in our brief, the overwhelming majority position is that in order to rescind a contract and put the parties back to their original anti-contractual state, that it is necessary to return whatever consideration is paid. In this case, that argument was made back and forth throughout the trial, and the trial court found it was not necessary for the plaintiff to return the consideration paid for the contract by Dupo Oilfield Development, Inc. Instructed the jury consistently, ruled on post-trial motions, et cetera, consistent with that position. You know, I thought rescission was an equitable remedy. It is an equitable remedy. How do you get a jury trial on an equitable remedy? I'm not entirely sure, but we did. Did you object to that? I think I might have been the one that demanded it and told the candidate of the court. You demanded the jury trial. I believe I did. But the pleading was a breach of contract claim. It saw as an equitable relief only rescission. It did not seek damages. It did not seek anything except rescission. And the only damages, quote, unquote, that the jury was instructed on was a remedy of rescission. Would that constitute a waiver or forfeiture? I don't think that my client could comply with the fact that the case was tried by a jury because we demanded the jury. But I think we retained the right to object to the substantive law that was applied in that jury trial, which is that it is necessary for there to be the parties put back in their anti-contractual state as part of a rescission suit. What error did you assert in a post-trial motion? That the evidence was and the argument was, contrary to the law, that there was no consideration repaid to the defendant and that the trial court erred in refusing to tender the jury instruction proposed by the defendant that it would have properly instructed the jury that in order to rule in the plaintiff's favor, it must find that the consideration was offered to be returned and, in fact, was. So you asked for money damages? No, we didn't ask for money damages. Well, we have a counterclaim that's not part of this. And, yes, we have some money damages in the counterclaim. But as far as the issue that's on appeal, no money damages are an issue. Okay. I thought you wanted the original consideration repaid. Yes, that's an element of rescission. In order for the plaintiff to prevail, it's not a damages, it's a you must tender the money back is an element of their case achieved. How was that raised in the trial court by the defendants? It was raised in every step of the way. It was raised on cross-examination. It was raised in post-trial motions. It was raised in the jury instructions. I mean, it was clear that the plaintiff and the defendants had two different positions on the issue, obviously consistent with what their parties' interests were, and that it was obvious that the trial court had decided, in its view, that it was not necessary to tender back the consideration. Well, where is the trial transcript in the record? The trial transcript was ordered. I'm not entirely sure why it's not in the record, but it was ordered and paid for. There is adequate records in this case, and I don't believe the defendant disputes that the arguments were made over the fact that of what we're talking about here, and the trial court was very clear in its written orders that it was its position in denying motions of the defendant that it is not necessary to return the consideration paid. Aren't there exceptions to the offer to return to the status quo in rescission cases? There are, but there are rare cases like FRAW. FRAW was not alleged in this case. Well, how about the fact that it's impossible to return to the status quo ante? It's not impossible. Isn't that one of the reasons that rescission can not be allowed as a remedy? Well, that would defeat a claim for rescission. Yes. So how would it be possible to return to the status quo ante in this case? In this case, the plaintiff would write a check or tender cash or other negotiable instrument, either to the defendant, or if the defendant refused to accept it, pay it to the court to hold, and that the court order that the contract is invalidated. But the defendant would also have to make payment. Or both sides, sorry, both sides would have to make payment to one another. No money damages were sought by the plaintiff from the defendant. But you're saying, I read this as a breach of contract complaint. I don't see this as a rescission complaint. Had it been a rescission complaint, it would be in a court of equity, not before a jury. Well, of course, the circuit courts and the courts of equity were merged under the Illinois Constitution, but I understand your point. You don't get a jury trial on a rescission. Well, you can have what's called an advisory jury. That's not this case. This case was pled as a breach of contract case. Then all of a sudden it got transferred for some reason I can't figure out from the pleadings to a rescission remedy. The jury was instructed on rescission even though it was a breach of contract case. That was the remedy sought by the plaintiff. Well, to that and to Justice's case points, and I'm looking at the plaintiff's second amended complaint that was filed, 8-8-2023, page 5, the wherefore, paragraph B, praying for, in order of finding that the defendant has breached the agreement, okay, but then it also says, and I believe this is to Justice Cates' point, in D, for an order granting plaintiff a rescission of the agreement, declaring the defendant has no further rights under the agreement. So I understand. That's how the jury was instructed. That's how the jury was instructed. And that's how the verdict form came back. That's how the verdict form came back. But under the pleading, which was a breach of contract pleading, the trial court, it seems to me, should have allowed the claim to go forward on the breach of contract and made its own decision of relief on the rescission. You may well be correct on that. Okay. So how do we allow this under that situation where you're not entitled to a jury trial for an equitable relief? What do we do with this? The simplest thing to do is to vacate it all and send it all back for a new non-jury trial. Of course, the judge that handled the jury trial has since retired. So we couldn't even ask her for her to do it on her recollection. Well, you had Judge Kapton. Who handled the post-trial matters, yes. And I'm not sure if she's retired or still around. No, she's around. Okay. I don't know. Yeah, she's around. Whatever she does, I don't appear on her documents she's still around, often, ever. The second part of the argument, or the main part of the argument, I should say, deals with attorney's fees, which the contract itself does call for attorney's fees. However, if it is rescinded, then it's known the contract never existed. And if the contract never existed, there's no contract for attorney's fees. That goes back to the prior. Which goes back to the? The breach of contract. Correct. Even under a breach of contract issue, would there have been a provision for attorney's fees? In the absence of the contractual breach of contract provision, no. I mean, there would have been the potential for a taxable cost, but those are relatively minor. But we follow the American rule. Correct. All right. But you won't dispute that in the original oil and gas lease, paragraph 21 and or 22, talks about attorney's fees. It does. Okay. But under the original, this wasn't brought under the original gas lease. I'm sorry, say that again? The oil and gas lease, at issue in this case, was created as a settlement of a prior lawsuit over an oil and gas lease. The original oil and gas lease that ultimately resolved by the oil and gas lease at issue in this case was not at issue in this case. If I said that correctly. Okay. So what you're saying is in that particular oil and gas lease, there was nothing in that one regarding attorney's fees? I'm saying the original oil and gas lease that led to the oil and gas lease at issue in this case was not before the court in this case. If it was, we'd have a different argument perhaps, but that contract wasn't before the court.  I'll leave that for rebuttal then if there are no further questions. Any questions? All right. Thank you. We'll have that time. All right. Mr. Conner, come on up. Thank you and good afternoon. Please support counsel. My name is Ryan Conner. I'm here to argue on behalf of Maxine and Charles Larson, the plaintiffs below. Charles Larson I'll sometimes refer to as Sonny if it comes up. Sonny is deceased. He passed away during the litigation. I was counsel at trial. Mr. Lisinski is here with me who authored our brief. We disagree with the position by DuPont Oil that there is a requirement in the law in a rescission case to return the consideration. There are adequate exceptions to that general rule. We are familiar with that general rule. However, the court's rulings in this case are squarely within the exceptions that exist for rescission requiring the repayment, where that repayment is impossible or rendered impossible, particularly through the acts of the party not seeking the rescission. And that's what happened in this case. Mr. Madden is correct that this was an underlying oil and gas lease. And the nature of an oil and gas lease is that one party, in this case DuPont, is going to extract minerals out of the ground. They're going to sell those minerals, and Larson, the plaintiff in this case, is going to receive royalty, and DuPont is going to keep the amounts that it sells the oil for, thus rendering the impossibility in this case. You were the plaintiff's counsel in this case? I was plaintiff's counsel throughout. You drafted the pleadings in this case? I drafted the amended pleading. As you can see from the record, the original counsel was named Jesse Gilsdorf. Mr. Gilsdorf, through wrong code, was unable to continue with the case. Well, regardless, my point is you pled a breach of contract case. We did. You asked for rescission as one of the remedies. We did. Okay. I have the same question to you I asked of Mr. May. Rescission is an equitable remedy. I don't understand how Judge Katz went from a breach of contract jury claim to instructing on rescission to a jury and getting a verdict like we got. Based upon the pleadings that you have in front of you, and I'd like to get to some of those waiver issues as well, but to answer your question about the pleadings themselves, initially, Mr. Gilsdorf, in the original complaint, he made a jury demand and sought rescission. At some point, he withdrew his jury demand, and when he did, the defendants filed a jury demand, albeit late. However, there was argument. Again, I wasn't there in judging. I don't need all of that. I just want to know how you get a jury and a rescission. It was over a plaintiff's objection at that point. That's the court ordered it. So we have error here? No. We do think that the jury can consider the remedy of rescission. Where is the case that says that? I've never seen a rescission jury verdict, and there may be one. I've just never seen it. No, this is an equity thing. Rescission is an equitable remedy, and the jury verdict in this case clearly says that they find in favor of Virginia and against Dupa Oilfield in the second amended complaint, that's the one you filed, and find the plaintiffs are entitled to an order granting Virginia and Larson rescission of the agreement and that as a result of the rescission, Dupa Oilfield has no further rights under the agreement. That's correct. That's an equitable remedy. That's correct. I don't understand how a jury, a jury might be able to answer a special interrogatory, something like that, but to get a jury verdict on a breach of, you've got a breach of contract claim instead of a rescission claim, but when you get to the jury, you're instructing on rescission. Those just don't compute in my brain. We do believe that rescission is a remedy for breach. I'm not saying it isn't. What I'm saying is how do you get it in a jury trial? Judge Katz might have been able to decide that. And I wasn't there for the argument, and unfortunately we don't have a transcript or a bystanders report or anything with regards to that argument that was made to give us a window into whether it was simply extra protection based upon the demand by defendants, but we don't think that the defendants can rely upon that as error, simply because there was a jury trial to determine an equitable remedy. The jury very clearly determined breach. Their interrogatories were numerous. The instructions. Were there special interrogatories? There were. Okay. Where are they in the record? I can look at them. No, I have them. They immediately follow. So they begin with the jury's verdict at C1648V7. And the interrogatories then begin. There were many of them. They begin on C1663V7. What part of those? Oh, no, that's right. That's where they begin. You can see the jurors. There's a final state from August 10 of 2023, and the jurors place check marks by yeses, nos. Oh, I saw. Yes, I'm familiar with those. That's what you're referring to as the special interrogatories. To me, those were the verdict directors. They were. Not special interrogatories. In order to get there, the jurors had to answer those questions to move on to the next step. That was a verdict director. What those did is they said, if you answer this, this, yes, no, then you go to verdict form, this. Correct. I'm familiar with those. But the jury was not presented with anything beyond, did breach of contract occur and is plaintiff entitled to a rescission, other than how it got there. Okay. Let me ask you this. You wanted a rescission of the contract. Correct. So you wanted it to not exist. Correct. How do you get attorney fees on a nonexistent contract? The court was faced with dealing with this equitable remedy after the fact. The court is, in fashioning this remedy, I think able to take up that attorney's fee issue. Based on what, though? What exists that gives you authority to have fees? So the conduct was caused by defendant in the first instance. And I think it's worth mentioning that there was also a counterclaim that was filed. And that counterclaim was a matter of law. There was also a count three that called itself by title, but it was a three-count counterclaim. So contractually, plaintiff was required to defend itself as a matter of the contract up until the time of the order of rescission. Okay. But you got your order of rescission from a jury. What existed that formed the basis for attorney fees for you to petition after the verdict? The necessity of asserting the contractual right in the first instance was due to DuPo oil fields, misconduct, and failing to perform under the contract, and then requiring an injunction to remove them from the property. So you relied on the contract that you sought to rescind in order to get your fees. But the court's remedy was equitable in nature. Which court's remedy? This was Sedgwick County. No, no, no, no. Which remedy was equitable? Both the rescission and the order of attorney's fees. The order of attorney's fees is necessitated by this impossibility of putting the minerals back in the ground, of making any of these parties, in an attempt to make these parties whole, the court was able to observe what happened and fashion a remedy. A illicit remedy for — You kind of lost me on this. I think this is what Justice Moore was trying to ask earlier, is where you can't put the parties, you can't pay back the original amount that was paid to your client. You can't put the status quo back, the toothpaste back in the tube, so to speak. What do you do? What remedy is it that you're talking about the court did here that equalized the rescission? The court is forced, when you can't put the minerals back in the ground or the toothpaste back in the tube, the court was forced to fashion a remedy. And what remedy did it fashion? It adopted the jury's verdict of rescission, and it offset the competing interests that these two entities had with an order of attorney's fees. Where do you find that? In the court's order forms, there were three that were entered on the same day. That's the order on motion for judgment notwithstanding the verdict, and that's the order on motion to modify the judgment. That's at C-1942, 1940, 1942, and 1944. Well, I have the order on the petition for attorney fees, and it says plaintiff's Exhibit 2 at trial provides for the payment of attorney fees in the event of a successful recovery on a breach. That's a breach of contract. This is why this case is kind of a mess, if you don't mind my saying. The order on the petition for attorney fees specifically references the contract and says it was based on a breach. It's not an equitable remedy here. This is not an order in equity. But the remedy was fashioned in an equitable way, and I don't think the court— Well, that's totally—to say that something is equitable or fair, I'm talking about an equity remedy, not whether it's equitable. I don't believe this court is bound by the reasoning that's expressed. I think that this court, so long as there is a basis, and we think there is a basis in these cases, for that equitable remedy to be upheld, especially where it is impossible— There is no equitable remedy here. The only equitable remedy is a jury verdict. The court in the order on the petition for attorney fees was looking at Exhibit 2. I think the court considered Exhibit 2. But I don't think it considered Exhibit 2 in a vacuum. It certainly considered Exhibit 2 subject to the nature of the verdict, which was equitable. And it had to—it was forced with the determination that it had to make with regards to an offset based on this impossibility. Because what you heard Dupre argue is that there's this money owed back and forth. You can't get there without the return of actual Y. And that's not what the exception cases to the general rule say. But the exception cases to the general rule indicate that where impossibility of restoring that status quo is impossible, the court fashions the remedy between the parties as to what happened. Because if the minerals were put back in the ground, plaintiff would be considerably wealthier than if the minerals were not put back in the ground. And we think in some ways that's probably what the attorney's fees were there to offset, but we don't know that. The only thing that this order on attorney fees does is look at the fees incurred and use the contract as the basis for awarding them. If the contract doesn't exist anymore, how do you award fees? Can I point you to the other two orders that immediately follow that? That's going to be paragraph 5 of the order on motions of judgment notwithstanding the verdict. And just give me your page number. That's C1945. Okay. And so that provision or that paragraph in the order indicates that the profit from the leased premises, there was evidence at trial. And, of course, we don't know what that is. And I just want to point out that any question there is resolved in favor of Larson because there's no way to know what that was because you do not have the transcripts before you. And so that issue is resolved in favor of Larson. And it's clear that the court considered the excess profit from the leased premises in excess of the down payment, therefore not entitled to a return of consideration. The court was clearly balancing what it had before it or what the jury had, what had been presented at trial, those pieces of evidence that were in the record that, unfortunately, you can't see. And I don't think I can reference. I think I'm hamstrung by the idea that those things are not here in front of you. And so to call that error, to give you a short record, call that error, and then say we can't get there, I can't override. You have the right to supplement the record. But not a duty. And I think we enjoy a presumption that comes from an incomplete record. And because of that, I think Larson is successful. Okay. Thank you. Thank you. And I just want to go back just so I'm clear. When I asked Mr. Mag about the attorney fees in the lease, I'm looking at, and I think I said this, the lease dated the 25th of September 2008. Was that prior to or was that the lease that was entered into for that other litigation you referred? Because, again, when I cross-reference in the second amendment complaint, paragraph 11, page 4, says, the plaintiff has incurred attorney's fees to bring in this action. The same is recoverable under paragraph 22 of the agreement. And I'm looking at that, and paragraph 22 of that states, in the event of default by lessee of any of the terms and covenants herein set forth, lessee agrees that in addition to any damages sustained by lessors, that it will pay all of lessors reasonable attorney's fees and cost of collection incurred in connection with protecting the rights of lessors. I just want to make sure I'm referencing the same thing. I believe you are referencing the correct one, that contract signed in 2008 presented as an exhibit. There were multiple contracts presented as exhibits because there were multiple oral contracts at issue at the same time. And to be fair, the record's over 1,200 or 1,400, 1,600 pages long. It's difficult to get through. I'd like to point out just very briefly that none of those citations appear in DUPO's brief. And, again, we think that that issue is either waived or resolved in favor of Larson because we're entitled to those citations as well, just as you are. And because they don't exist, we are so limited by the record that was presented that it became prejudicial. And I think it's prejudicial to a decision in favor of DUPO. It certainly impacted the ability to make the argument out of the record because you'd be able to see those exhibits if they were there. Okay. In this case, any questions? Thank you, Counsel. Thank you. Mr. Mack. Thank you, Your Honor. It sounds like the contract that you are questioning myself and Counsel about is the correct contract.  Just to verify that in the record. It allows for attorney's fees. It does if it exists. Okay. Of course, if it were said, it no longer exists. Well, I think we'd be that worse. Right. The bottom line is this, and I don't want to beat a dead horse. My client is entitled, if the contract is rescinded, to be put back at the contractual status quo. As far as the toothpaste of the tube argument goes, it's no different than somebody that contracts to go buy a house. And the purchaser has the house for 60, 90 days, lives in the house, and then for whatever reason files suit to rescind the purchase of the home. Well, it can't unlive in a house for 60 to 90 days, and yet the purchaser is still obliged to rescind the purchase price to the seller as part of a rescission. Is there no further questions? I ask that you reverse the remand.  No questions. All right. Thank you, counsel. Thank you. Obviously, we will take this matter under advisement. We will issue an order in due course. Obviously, counsel, thank you for your arguments. Be safe traveling home. And this court will stand in recess until 9 o'clock tomorrow, I think.